WILLIAM KEATON, plaintiff in error, *vs.* HENRY T. READ, *et al.*, defendants in error.

1. Where the evidence shows that the plaintiff has failed to comply with a condition of the contract, precedent to the obligation of the defendant to pay the note sued on, a verdict for the defendant is right, and will not be disturbed.

Action on a note, in Carroll Superior Court.    Tried before Judge HAMMOND, at October Term, 1860.

This was an action brought by William Keaton against H. T. Read, Hiram Harper and J. D. Harper, to recover the amount of a joint and several promissory note, signed by the defendants, payable to said Keaton, or bearer, dated 16th December, 1854, and due the 1st day of March, 1855, for $500 00.    The note had a credit on it of $80 00, dated 5th January, 1857.

The defendants pleaded that the note sued on was given for an interest in a copper mine on lot No. 78, in the 2d district of Carroll county, which the plaintiff was to thoroughly test for copper, and to which he was to make a deed to defendants, and that the plaintiff had wholly failed to make the test, or execute the deed according to the contract, and that therefore the consideration of the note sued on had wholly failed.

The defendants, Harpers, also pleaded a release from all obligation to pay the note.

On the trial the plaintiff read the note in evidence, and closed his case.

The defendants read in evidence a bond executed by the plaintiff, to which the following conditions were annexed, to-wit:

" The condition of the above bond is such, that whereas the above bound William Keaton is now operating and testing for copper, and other valuable minerals, on part of lot No. 78, in the 2d district of said county, (Carroll,) being fifty acres in the Northwest corner of said described lot, the conditions of which bond are, that the said William Keaton,

upon a discovery, within six months from the third day of October last, (1854,) of copper, or other valuable minerals, is bound to make titles to the aforesaid Henry T. Read, Hiram T. Harper, and J. D. Harper, for the one-eighth mineral interest contained in said fifty acres of land hereinbefore described. And whereas the above bound Henry T. Read, Hiram T. Harper, and J. D. Harper, have this day become the purchasers of the one-eighth part as aforesaid, for and at the price of one thousand dollars, to-wit: five hundred dollars the 25th day of December, 1854, and the other note for five hundred dollars, due the 1st day of March, 1855. . Now if upon the expiration of the three months allowed for testing and operating on said lot, the aforesaid William Keaton shall make, or cause to be made, warranty titles to the said lot or parcel of land, as before described, unto the said Henry T. Read, Hiram T. Harper and J. D. Harper, for the one-eighth part of the mineral interest, and the said Read, Harper, and Harper shall well and truly pay off and discharge the aforesaid note, then the above bond is to be void, else to remain in full force."

The defendants proved by one witness, that there was no copper discovered as witness knew of; that Keaton sunk a pit on the place, but did not get to the ore; that operations ceased when they reached water; that the Harpers discovered something that was called copper ore, but it was done under a lease before the trade with Keaton.

The defendants also proved by five or six witnesses, some of whom witnessed the contract, and others of whom heard Keaton say, that the two Harpers had let Keaton have a lot of land and an interest in a distillery and mills, for which Keaton agreed to give up one of the five hundred dollar notes, and release the Harpers from the other note, and look alone to Read for payment of it, and that after this arrangement Keaton bought a wagon from the Harpers at the price of eighty dollars, and was to give them an order on Read for the money; the note shows a credit for that sum.

In behalf of the plaintiff it was proved in rebuttal, that Read had the ore taken from the land tested, and according

Keaton *vs.* Read *et al.*

to his report, it yielded thirty per cent., and that in February, 1855, the Harpers employed a man to haul some ore to Atlanta, and paid for the hauling.

Upon this testimony the jury returned a verdict for the defendants, and counsel for plaintiff made a motion for a new trial, on the ground :

"That the jury found contrary to law and evidence, and the weight of evidence."

The presiding Judge refused the new trial moved for, and the plaintiff now prosecutes for writ of error to reverse that decision.

W. B. CONYERS, BLACK & WOOTEN, for plaintiff in error.

G. W. AUSTIN and THOS. CHANDLER, *contra.*

*By the Court.*—JENKINS, J., delivering the opinion.

The sole ground upon which we are asked to reverse the judgment of the Court below, refusing a new trial, is that the verdict was contrary to law and evidence.

Our opinion is, that the evidence shows that the plaintiff in error failed to comply with the condition of the contract, precedent to the defendants' obligation to pay the note sued on, by reason whereof the consideration of the note failed, and that therefore the verdict is supported both by the law and the evidence.

Let the judgment be affirmed.